THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLIVIE DEVELOPMENT GROUP LLC,<br><br>Plaintiff,<br><br>vs.<br><br>KI CHANG PARK, SOON OAK YOO,<br><br>Defendants. | No. C11-1691Z<br><br>ORDER |

THIS MATTER comes before the Court on appeal from two orders issued by the United States Bankruptcy Court for the Western District of Washington (the Bankruptcy Court). Having reviewed the opening, response, and reply briefs, as well as all other materials submitted by the parties, the Court now enters the following Order.

**Background**

In February 2011, creditor Olivie Development Group, LLC (Olivie) initiated an adversary proceeding against debtors Ki Chang Park and Soon Oak Yoo in the

ORDER - 1

Bankruptcy Court for the Western District of Washington.  <u>See</u> Complaint, W.D. Wash. Bankr. Adv. Proc. No. 11-01124, docket no. 1.  Olivie sought a determination that Park and Yoo's debt to Olivie was non-dischargeable, a determination that Park and Yoo's guaranty of a lease was valid, a determination that Park and Yoo's homestead exemption claim was based upon their fraudulent transfer of their home, and damages.  <u>See id.</u> Olivie also alleged that the Bankruptcy Court had jurisdiction over the proceeding and that the proceeding was core.  <u>See id.</u> at ¶¶ 1-3.  Park and Yoo, in their Answer, admitted that the Bankruptcy Court had jurisdiction and that the proceeding was core.  <u>See</u> Answer, Adv. Proc. No. 11-01124, docket no. 9, at ¶¶ 1-3.

Olivie later moved for partial summary judgment.  <u>See</u> Motion for Partial Summary Judgment, Adv. Proc. No. 11-01124, docket no. 15.  Park Group, Inc., a named defendant, responded.  <u>See</u> Response, Adv. Proc. No. 11-01124, docket no. 36. Neither party objected that the proceedings before the Bankruptcy Court were non-core. On June 28, 2011, the Bankruptcy Court granted Olivie's motion.  <u>See</u> Order, Adv. Proc. No. 11-01124, docket no. 41.  This order preserved Olivie's remaining claims for further consideration.  <u>See id.</u> at ¶ 7.  The order did not explicitly state that the proceedings before the Bankruptcy Court were core.  <u>See id.</u>

Olivie then moved for voluntary dismissal of its remaining claims.  <u>See</u> Motion for Voluntary Dismissal, Adv. Proc. No. 11-01124, docket no. 52.  The parties' responsive briefing did not object to the Bankruptcy Court's authority to enter judgment.  <u>See</u> Response, Adv. Proc. No. 11-01124, docket no. 56; Reply, Adv. Proc. No. 11-01124,

docket no. 57.  The Bankruptcy Court dismissed Olivie's remaining claims, and entered final judgment.  See Order, Adv. Proc. No. 11-01124, docket no. 59.  Nothing in the record shows that the parties raised the issues of whether the Bankruptcy Court had the authority to enter judgment or whether the proceedings were non-core.

**Issues on Appeal**

Park and Yoo request that the Court vacate the Bankruptcy Court's orders, and remand those orders to the Bankruptcy Court with instructions to hold new hearings on all claims.  Park and Yoo present the following issues on appeal: (1) whether the Bankruptcy Court erred when it did not explicitly determine whether the proceedings before it were core; and (2) whether the Bankruptcy Court erred when it did not submit its Order granting partial summary judgment to the district court for approval and entry.[1]

---

[1] Park and Yoo's Statement of Issues on Appeal, Adv. Proc. No. 11-01124, docket no. 69, also includes the following issues: whether the trial court erred (1) by considering a stipulation between the Trustee and Park; and (2) in rendering partial summary judgment.  The Court need not consider these issues because Park and Yoo did not address them in their opening brief.  See Officers for Justice v. Civil Serv. Comm'n, 979 F.2d 721, 726 (9th Cir. 1992); Hansen v. Moore (In re Hansen), 368 B.R. 868, 880 (9th Cir. BAP 2007).  Although Park and Yoo did not raise the issue about the Bankruptcy Court not determining the core/non-core issue in their Statement of Issues on Appeal, they are not precluded from raising the issue because an appellant's failure to so list an issue is not a waiver of the issue on appeal.  See In re Bishop, Baldwin, Rewald, Dillingham & Wong, Inc., 104 F.3d 1147, 1148 (9th Cir. 1997); In re Cantrell, 269 B.R. 413, 420 n.5 (9th Cir. BAP 2001), aff'd, 329 F.3d 1119 (9th Cir. 2003); In re Gertsch, 237 B.R. 160, 166 (9th Cir. BAP 1999).  However, the Court notes that the core/non-core issue does not implicate subject matter jurisdiction.  See Stern v. Marshall, -- U.S. --, 131 S. Ct. 2594, 2607, 180 L. Ed. 2d 475 (2011) (section 157 "allocates the authority to enter final judgment between the bankruptcy court and

**Discussion**

**A.     Jurisdiction and Standard of Review**

This Court has jurisdiction to decide this appeal under 28 U.S.C. § 158(a)(1). The Court reviews the Bankruptcy Court's conclusions of law and interpretation of the Bankruptcy Code de novo, and its factual findings for clear error. *Greene v. Savage (In re Greene)*, 583 F.3d 614, 618 (9th Cir. 2009).

**B.     Bankruptcy Court Authority to Enter Judgment**

As authorized in 28 U.S.C. § 157(a), the district court in Western Washington refers to the bankruptcy court "all cases under Title 11, and all proceedings arising under Title 11 or arising in or related to cases under Title 11." W.D. of Wash. GR 7 ¶ 1.01. The authority of bankruptcy judges depends upon whether the matter constitutes a core or non-core proceeding. *See* 28 U.S.C. § 157. Bankruptcy courts may issue final judgments and orders in core proceedings, but in non-core proceedings, may only submit proposed findings of fact and conclusions of law to a district court for final judgment. *See* 28 U.S.C. §§ 157(b)(1), (c)(1).

**C.     First Issue on Appeal: Whether the Bankruptcy Court Should have Explicitly Determined Whether the Proceedings were Core**

The first issue presented by Park and Yoo's appeal is whether the Bankruptcy Court erred because it failed to expressly determine whether the proceedings before it were core or non-core. Under 28 U.S.C. § 157(b)(3), the bankruptcy judge "shall

---

the district court. . . . That allocation does not implicate questions of subject matter jurisdiction").

ORDER - 4

determine, on the judge's own motion or on timely motion of a party," whether a proceeding is core or non-core.  Although § 157(b)(3) does not clearly indicate whether the bankruptcy judge must explicitly make such a finding,  the Ninth Circuit interprets the section to express a preference for the bankruptcy judge to initially make such a determination.  *See, e.g.*, *In re Coupon Clearing Serv., Inc.*, 113 F.3d 1091, 1097 (9th Cir. 1997) ("The bankruptcy court makes the initial determination whether a case is [core]."); *In re Int'l Nutronics, Inc.*, 28 F.3d 965, 969 (9th Cir. 1994) (determination should "be made in the first instance by the bankruptcy court").  Several district courts in this circuit apply this approach and remand the cases to the bankruptcy court.  *See, e.g.*, *Willms v. Sanderson Cmtys., Inc.*, No. CIV. S–07–2366 LKK/GGH, 2009 WL 728464, at *1-*2 (E.D. Cal. Mar. 19, 2009) ("When the bankruptcy court has not made [such a] determination, remand to that court is appropriate."); *See In re Kieslich*, 216 B.R. 643, 644 (D. Nev. 1998) (remanding case, stating that core/non-core determination is "a fact-sensitive characterization best performed by the Bankruptcy Court in the first instance").

The Ninth Circuit Bankruptcy Appellate Panel (BAP) has recognized, however, that a bankruptcy judge can impliedly determine that a matter is core by entering an order rather than submitting proposed findings of fact and conclusions of law to the district court.  *See In re Harlow Props., Inc.*, 56 B.R. 794, 798 (9th Cir. BAP 1985).  In *In re Harlow Props., Inc.*, the bankruptcy court did not explicitly determine whether a motion before it involved a core matter.  *Id.*  The BAP stated that "[a]lthough it is ultimately the bankruptcy court's obligation to determine whether the proceeding

before it is core," the bankruptcy court "impliedly . . . found that the motion was core when it [entered an order] instead of submitting proposed findings of fact and conclusions of law to the district court." *Id.*  The BAP did suggest, however, that the bankruptcy court "squarely address the issue in the future." *Id.*

The Court finds that the Bankruptcy Court impliedly determined the proceedings before it were core.  Although the orders at issue did not contain an explicit determination that the proceedings were core, the Bankruptcy Court entered orders instead of submitting proposed findings of fact and conclusions of law to the district court.  Although the Bankruptcy Court should have squarely addressed the issue, the failure to do so does not require remand in this case because, as discussed below, the Bankruptcy Court only decided core issues and the parties failed to object to the Bankruptcy Court's ruling below.

D.  **Second Issue on Appeal: Whether the Bankruptcy Court Should Have Submitted its Orders to the District Court**

Park and Yoo argue that the Bankruptcy Court erred by failing to submit its orders to the district court for approval.  If the issues addressed by the Bankruptcy Court's orders were core, then the Bankruptcy Court did not err.  *See* 28 U.S.C. §§ 157(b)(1).  If a matter was non-core, the Bankruptcy Court should have submitted proposed findings of fact and conclusions of law to the district court for entry.  *See* 28 U.S.C. § 157(c)(1).

Here, Park and Yoo rely on the recent United States Supreme Court case, *Stern v. Marshall*, -- U.S. --, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011), for the proposition

that a bankruptcy court must submit proceedings containing non-core issues to the district court for approval and entry.  This argument depends, however, on the proceedings before the Bankruptcy Court being non-core.  In arguing this issue, Park and Yoo point only to the following section of the Bankruptcy Court's order:

> The deposit of $4,000 made by East Union Food to Olivie . . . was made months before debtors Park and Yoo became participants in East Union Food . . . .  The deposit, as a matter of law, was the property of East Union Food, and was properly forfeited to Olivie in partial satisfaction of the delinquent obligations owed Olivie by East Union Food.  The deposit is not property of this estate.

Order, Adv. Proc. No. 11-01124, docket no. 41, at ¶ 6.  Park and Yoo parse this paragraph into two parts.  First, they concede that the determination that the deposit was not property of the debtor's estate was core.  <u>See</u> Opening Brief, docket no. 9, at 6.  But, they argue, the question of the ownership of the forfeited deposit is non-core because the ownership of the deposit is an independent issue not rooted in bankruptcy law.  Here, Park and Yoo focus on the following sentence: "The deposit, as a matter of law, was the property of East Union Food, and was properly forfeited to Olivie in partial satisfaction of the delinquent obligations owed Olivie by East Union Food." <u>Id.</u>

Contrary to Park and Yoo's framing of the argument, the issue of the ownership of the security deposit is not distinct from the determination about property of the estate. In its entirety, paragraph six of the Bankruptcy Court's Order only determined that the lease deposit was not property of the estate.  <u>See id.</u> ("The deposit is not property of this estate.").  And in this regard, the authority of bankruptcy courts, and the core nature of such proceedings, is clear.  Section 541(a) of the Bankruptcy Code specifically defines

ORDER - 7

"property of the estate" and provides that the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); see also 28 U.S.C. § 157(b)(2)(B) (core proceedings include allowance or disallowance of claims against estate or exemptions from property of the estate).[2]

A bankruptcy court's finding regarding the parties' interests in property is necessarily a function of determining what constitutes property of the estate. See Butner v. United States, 440 U.S. 48, 54-56, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979). Here, the Bankruptcy Court's Order makes a factual finding about the parties' interest in the security deposit so that the court could determine the issue of whether that deposit was part of the bankruptcy estate. This necessary finding does not convert the core issue of whether something is property of the estate into a non-core proceeding. See id.

The record before the Bankruptcy Court was uncontroverted. Olivie's manager and owner submitted a declaration stating that, according to Olivie's lease with East Union Food, East Union Food paid Olivie a $4,000 security deposit, which under the

---

[2] Although the parties did not cite or discuss these cases, the Court notes that other courts recognize that the determination of property of the estate is a core matter. See, e.g., Pension Benefit Guar. Corp. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.), 138 B.R. 442, 445 (D. Del. 1992) (determination regarding property of the estate is core); Schroeder v. New Century Holdings, Inc. (In re New Century Holdings, Inc.), 387 B.R. 95, 105 (Bankr. D. Del. 2008) (matters requiring declaration of whether property comes within the definition of property of the estate as set forth in Bankruptcy Code § 541 are core); Koken v. Reliance Group Holdings, Inc. (In re Reliance Group Holdings, Inc.), 273 B.R. 374, 394-95 (Bankr. E.D. Pa. 2002) (proceeding to determine whether certain property rights are property of the estate under Bankruptcy Code § 541 is core, even if determination rests upon interpretation of state law); Knopfler v. Schraiber (In re Schraiber), 97 B.R. 937, 939-40 (Bankr. N.D. Ill. 1989) (bankruptcy court has core jurisdiction to determine what property of estate is and can apply state law).

ORDER - 8

lease Olivie could apply to remedy any violation of the lease's terms.  <u>See</u> Declaration of Merle Richlen, Adv. Proc. No. 11-01124, docket no. 16, at ¶ 2 & Ex. 16.  East Union later defaulted in performance of its lease obligations to Olivie by failing to pay rent timely, <u>id.</u> at ¶ 13, and Olivie sought and received a state court judgment against East Union Food and Yoo, adjudging them liable to Olivie for past rent due.  <u>See</u> Declaration of Merle Richlen, Bankr. Proc. No. 10-22961, docket no. 51, at ¶ 8 & Ex. 8.  Based on this evidence the Bankruptcy Court simply found that East Union Food forfeited ownership of the security deposit to Olivie because East Union Food breached its lease obligations to timely pay rent.  This finding did not adjudicate any independent right of the debtors outside bankruptcy.[3]

      Park and Yoo also rely on <u>Stern</u>'s statement that "[a]lthough we conclude that § 157(b)(2)(C) permits the Bankruptcy Court to enter final judgment on Vickie's counterclaim, Article III of the Constitution does not." 131 S. Ct. at 2608.  In <u>Stern</u>, however, the Court emphasized that the issue before it, and thus its holding, was narrow

---

[3] Park and Yoo rely on two cases to support their argument that this matter was non-core.  <u>See</u> <u>In re United States Brass Corp.</u>, 110 F.3d 1261, 1268-69 (7th Cir. 1997); <u>In re Sys. Eng'g & Energy Mgmt. Assocs., Inc.</u>, 252 B.R. 635, 642 (Bankr. E.D. Va. 2000).  These cases are not persuasive.  Neither case held that the peripheral but necessary state law property interests issue was a non-core matter separate and distinct from the core property of the estate determination.  The non-core issues before those courts are also distinguishable from the issues before the Bankruptcy Court in this case.  <u>See</u> <u>In re United States Brass Corp.</u>, 110 F.3d at 1268 (debtor's claimed right to insurance coverage was non-core because, in part, such right is "a creation of state contract law" and "vindicated in an ordinary breach of contract suit"); <u>In re Sys. Eng'g & Energy Mgmt. Assocs., Inc.</u>, 252 B.R. at 651 (breach of fiduciary duty, unlawful distributions, usurpation of corporate opportunity, business conspiracy, and piercing the corporate veil claims were non-core; fraudulent transfer and equitable subordination claims were core).

and limited to "one isolated respect." *Id.* at 2620. <u>Stern</u> held that, although Congress defined creditors' counterclaims against the bankruptcy estate as core, the bankruptcy court nonetheless "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." *Id.* <u>Stern</u> did not hold that a bankruptcy judge lacks authority to enter judgment regarding what property is included in the estate. Park and Yoo's reliance on <u>Stern</u> is therefore misplaced. Indeed, "the <u>Stern</u> decision in no way limits a bankruptcy court's authority to enter final appealable decisions on core issues." <u>In re LLS Am., LLC</u>, No. 09–06194–PCW11, 2011 WL 4005447, at *3 (Bankr. E.D. Wash. Sept. 8, 2011).[4]

### E. <u>Park and Yoo's Failure to Object or Raise Issues in Bankruptcy Court</u>

The Court also notes that Park and Yoo did not object to the character of the proceedings before the Bankruptcy Court, did not request that the proceeding be withdrawn to the district court, and did not request that the Bankruptcy Court submit proposed findings of fact and conclusions of law to the district court. Park and Yoo also admitted in their Answer that the proceedings were core, and never contended otherwise before the Bankruptcy Court. Park and Yoo instead raised these issues for

---

[4] Olivie also cites *In re Bujak*, No. 10–03569–JDP, 2011 WL 5326038, at *4 (Bankr. D. Idaho, Nov. 3, 2011), for the proposition that even if the Bankruptcy Court in this case lacked the constitutional authority to enter a final judgment, "nothing in <u>Stern</u> [prevents] the district court, upon any appeal from [the bankruptcy court's] decision, from simply treating [the bankruptcy court's] findings of fact and conclusions of law as 'proposed,' . . . subject to *de novo* review." Such treatment of the Bankruptcy Court's order in this case is not needed because, as previously noted, <u>Stern</u> in no way limited the Bankruptcy Court's authority to enter final decisions on core issues, and here, whether the deposit was property of the estate was a core issue.

ORDER - 10

the first time on appeal, after the parties fully litigated the matter before the Bankruptcy Court.

Because, as <u>Stern</u> teaches, § 157 does not implicate subject matter jurisdiction, the Court in the alternative declines to consider Park and Yoo's arguments based on the principle that on appeal a court need not consider issues not raised before the trial court. <u>See</u> <u>Stewart v. U.S. Bancorp</u>, 297 F.3d 953, 957 (9th Cir. 2002) ("In general, a party who fails to raise an issue in the district court, cannot raise it on appeal."); <u>Smith v. Marsh</u>, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]n appellate court will not consider issues not properly raised before the [trial] court."); <u>Alaska Airlines, Inc. v. United Airlines, Inc.</u>, 948 F.2d 536, 546 n.15 (9th Cir. 1991) ("[A]n appellate court will not reverse a district court on the basis of a theory that was not raised below."); <u>In re Hansen</u>, 368 B.R. 868, 880 (9th Cir. BAP 2007) ("We do not ordinarily consider arguments advanced for the first time on appeal.").[5]

---

[5] Park and Yoo argue that nothing in <u>Stern</u> requires a party to ask or move for the bankruptcy court to send proposed findings of fact and conclusions of law to the district court. They also argue that a party cannot waive the issue. <u>Stern</u> suggests otherwise. There, the Court noted that § 157 "allocates the authority to enter final judgment between the bankruptcy court and the district court," and that "[t]hat allocation does not implicate questions of subject matter jurisdiction." <u>Stern</u>, 131 S. Ct. at 2607. The Court noted that a party's course of conduct before a bankruptcy court could constitute consent to that court's resolution of the claim. <u>Id.</u> at 2608 (given party's course of conduct, "[the party] consented to [the Bankruptcy Court's] resolution of his defamation claim (and forfeited any argument to the contrary)"). The Court further stated that if a party believed that the bankruptcy court lacked the authority to decide its claim, "then [the party] should have said so–and said so promptly." <u>Id.</u> (citing <u>United States v. Olano</u>, 507 U.S. 725, 731 (1993) ("No procedural principle is more familiar to this Court than that a constitutional right, or a right of any other sort, may be forfeited . . . by the failure to make timely assertion of

**Conclusion**

Accordingly, the Bankruptcy Court's Order Granting Plaintiff's Motion for Partial Summary Judgment, entered as docket no. 41 in Adversary Proceeding No. 11-01124-MLB (Bankr. W.D. Wash. June 28, 2011), and Order Dismissing Remaining Claims of Plaintiff and Entry of Final Judgment, entered as docket no. 59 in Adversary Proceeding No. 11-01124-MLB (W.D. Wash. Sept. 28, 2011), are both AFFIRMED. The Clerk is directed to enter judgment consistent with this Order, to CLOSE this case, and to send a copy of this Order to all counsel of record and to Bankruptcy Judges Marc Barreca and Timothy W. Dore.

IT IS SO ORDERED.

DATED this 30th day of April, 2012.

*[signature]*

THOMAS S. ZILLY
United States District Judge

---

the right before a tribunal having jurisdiction to determine it" (quotations omitted))). The Court concluded by noting that the party complaining about the bankruptcy court's authority to enter judgment on a claim "repeatedly stated to the Bankruptcy Court that he was happy to litigate there. We will not consider his claim to the contrary, now that he is sad." *Stern*, 131 S. Ct. at 2608.

ORDER - 12